

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X

MISS UNIVERSE L.P., LLLP,

                Petitioner,

     -against-

SHEENA MONNIN,

                Respondent.

------------------------------------ X

12 CV 9174

___ Civ. ___

**MEMORANDUM OF LAW IN SUPPORT OF PETITION
TO CONFIRM ARBITRATION AWARD**

 

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Phone: 212-479-6000

*Attorneys for Petitioner
Miss Universe L.P., LLLP*

## PRELIMINARY STATEMENT

This Memorandum is submitted on behalf of Petitioner Miss Universe L.P., LLLP ("MUO") in support of its petition, pursuant to 9 U.S.C. § 9, to confirm an arbitration award (the "Petition") against Respondent Sheena Monnin ("Monnin"). This Court has jurisdiction over these proceedings under 28 U.S.C. § 1332(a)(1). The arbitration was in all respects proper and the award is final and binding. Accordingly, Petitioner respectfully requests confirmation of this award.

## FACTUAL AND PROCEDURAL BACKGROUND

MUO, a Delaware Limited Liability Limited Partnership with its principal place of business in New York City, in the State of New York, filed a demand for arbitration with Judicial Arbitration and Mediation Services ("JAMS") in New York City against Monnin, a citizen of the Commonwealth of Pennsylvania, seeking judgment against Monnin for defamation, tortious interference with economic advantage, and breach of contract. MUO brought its claims pursuant to Paragraph 22 of the Miss USA Pageant Entry Form (the "Arbitration Agreement"), which provides that the parties shall submit any unresolved disputes involving Monnin's participation in MUO pageants to binding arbitration administered by JAMS, and further provides that "[a]ny judgment upon an award rendered by an arbitrator may be entered in any state or federal court in the County of New York, New York having jurisdiction of the subject matter hereof." The Honorable Theodore H. Katz, Retired United States Magistrate Judge for the Southern District of New York, was selected as the Arbitrator for this dispute.

In Scheduling Order No. 1, dated September 19, 2012, the Arbitrator found that the parties had entered into a contract containing an arbitration provision, and ruled that MUO's

claims were arbitrable. An arbitration hearing was conducted on November 5, 2012 in New York, New York.

On or around December 10, 2012, the Arbitrator rendered a binding Final Arbitration Award (the "Award"), which, among other things, found that Monnin had made false statements with actual malice and was liable for defamation, and awarded MUO $5,000,000 in monetary damages. A copy of the Award is attached to the Petition as Exhibit A. MUO now petitions this Court to confirm the Award.

## ARGUMENT

This Court has jurisdiction over these proceedings under 28 U.S.C. § 1332(a)(1) because Petitioner MUO is a citizen of Delaware (where it was established) and New York (where it has its principal place of business) and Respondent Monnin is a citizen of the Commonwealth of Pennsylvania, and the value of the amount in controversy exceeds $75,000, exclusive of interest.

The Federal Arbitration Act ("FAA") provides, in relevant part, that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. (9 U.S.C. § 9).

The Award was made on December 10, 2012. Accordingly, this petition is timely under Section 9 of the FAA. The Arbitration Agreement specifies that a judgment on the Award be entered by "any state or federal court in the County of New York, New York" with appropriate jurisdiction, which qualifies this Court to enter judgment on the Award.

The standard of review of an arbitrator's decision by a court is very narrow. The scope of review is limited, and the court may not examine the merits of the decision except in cases of

fraud or corruption or where the arbitrator has abused his power. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2nd Cir. 2006) (*quoting Florasynth, Inc. v. Pickholtz*, 750 F.2d 171, 176 (2nd Cir. 1984)) ("Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court'...."); *see also* 9 U.S.C. §§ 10-11. Second Circuit decisions hold that the FAA "creates a 'strong presumption in favor of enforcing arbitration awards' and have gone so far as to say that courts have an 'extremely limited' role in reviewing arbitration awards." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008) (*quoting Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994)).

Here, the Arbitrator, having considered the pleadings and other evidence presented at the arbitration hearing, rendered the binding Final Award submitted herewith. There are no grounds for vacating, modifying, or correcting the Award, nor has Monnin raised any such grounds.

## CONCLUSION

Petitioner MUO respectfully requests an order confirming the Award into a judgment of this Court. For the Court's convenience, a form of proposed order consistent with this petition is being filed herewith.

Dated: December 17, 2012
New York, New York

Respectfully submitted,

COOLEY LLP

By: /s/ Scott S. Balber
Scott S. Balber (SB 5807)
Timothy L. Foster (TF 8896)

1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 479-6000
sbalber@cooley.com
*Attorneys for Miss Universe L.P., LLLP*