D + F

January 4, 2013

Honorable J. Paul Oetken
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312





JAN 0 8 2013

Re: 12 CV 09174 Miss Universe LP vs Sheena Monnin
    Petition to Confirm Arbitration Award

The Clerk of Court is Directed to:
\_\_ Term motion (doc. #\_\_\_\_)
✓ Doc. and File As: Letter

Dear Judge Oetken,

I am writing to you today concerning the above referenced subject.

I am Sheena's father. I am not an attorney. An arbitration judgement has been rendered against my daughter and is awaiting your confirmation. I do not believe that the arbitration ruling is just. I have outlined the reasons for this belief in the attached document.

I am making this appeal directly to you. I rely merely upon your sense of fairness within the law to take the appropriate action and not confirm the judgement.

You can learn more about Sheena and this situation by visiting www.facebook.com/SheenaMonninSupportPage.

Thank you for your time and your consideration.

Respectfully,

Philip Monnin

pmonnin@yahoo.com
412.877.5394

## Issues with the Miss Universe LP, LLP vs. Sheena Monnin Arbitration Ruling

### Issues with the Miss USA Contract

The following paragraph of the Miss USA Contract supports what Sheena stated she both heard and witnessed.  <u>Its very inclusion in the contract is a red flag because a truly honest system that utilized judges and a judging process as publicized would not require the ability by the MUO to make contestant selections or to modify the judging process during the contest.</u>  Such a provision flies in the face of the highly publicized system of judging and certification of that judging.

Paragraph 3, page 5 of the contract states:  I understand that I am competing for the title "Miss USA 2012," and I understand and agree that you will determine, *in your sole judgment*, the manner and method of conducting the 2012 Miss USA Pageant *and of selecting Miss USA 2012 from among the Pageant contestants.*  I acknowledge that the competition for the Miss USA title may include the following categories: swimsuit, evening gown and personality.  In addition, I understand that the selection process through which contestants advance in and/or are eliminated from the competition may include the use of one or more panels of judges (which may include independent judges; and/or, your and/or NBC's and/or Trump's employees, agents and representatives; and/or, advisory judges whose decisions are not binding and may be overruled or rejected) and/or selections made by you, NBC and/or Trump and/or each of your and their respective employees, agents and representatives in their sole judgment. I agree that the decisions of those individuals participating in these matters will be final and I agree to abide by their decisions.  I understand and agree that *you reserve the right to establish and modify, at any time and in your sole judgment,* the manner and method of conducting the 2012 Miss USA Pageant *and/or of selecting Miss USA 2012,* including, without limitation, the standards, procedures and rules for the competition process of the Pageant. (Emphasis added)

### Issues with the Arbitration Judgment

Below are a sample of the factual errors, points of conjecture, and partial truths used to support the findings of the judgment. It is not meant to be an exhaustive listing:

a) The claim that Sheena sent a text to her State Director, Randy Sanders, <u>prior</u> to the conversation with Miss Florida was used to prove 'malicious intent' and the 'falsity' of Sheena's statements.  This claim is false.  The text was sent <u>after</u> Miss Florida disclosed the list of finalists to Sheena and at least one other contestant.
b) The later denial of Miss Florida and the statement that she was only joking is false. One contestant has come forward anonymously on FoxNews.com to corroborate Sheena's statement of truth.  Sheena also has an email from one other contestant who was a witness to the conversation and an email from a third contestant claiming that Miss Florida told her the names on the list.  She has other texts and emails from contestants who heard about the list and believed it to be true.  None of this was mentioned or referenced in the proceedings.

c) The contention by Judge Katz that Sheena's default in the arbitration proceeding (by not participating) and failure to respond to the MUO's document request inferred 'malicious intent' and known 'falsity' of her statements is not true. Sheena was told by her attorney that she had no further contractual obligation to the MUO and acted accordingly. She was not made aware that the MUO had proceeded with the arbitration until December 13, 2012 via an email from her attorney. This was three days after the award was made. Sheena did not receive a notice of the award from the MUO until December 21, 2012.

d) The claim that the MUO lost a $5 million site fee from a corporate sponsor due to Sheena's statements, and that finalizing the deal was 'just going to be a formality' until her statements were made is conjecture. It cannot be proved or disproved without a discovery process that includes documentation from the anonymous sponsor. This potential sponsor was not identified and it appears that little supporting evidence was presented. Further, it cannot be proven that it was Sheena's Facebook statement or her <u>single interview</u> that caused the media frenzy and subsequent publicity which may have led to the sponsor's concerns. It is just as likely that the consciously orchestrated media appearances of the MUO and Donald Trump, and the resulting publicity caused the concern. Sheena's Facebook account did not see much uptick in traffic until after the MUO and Trump publicized everything through multiple media outlets.

e) The contention that Sheena was guilty of defamation based upon the four criteria required under New York law is false. The four criteria are:
   1. A defamatory statement of fact pertaining to the claimant (MUO) was published to a third party by the respondent (Sheena)
   2. Sheena was at fault
   3. The falsity of the defamatory statement
   4. Injury to the claimant (MUO)

It should be noted:
- That <u>all four</u> criteria must be proved.
- That <u>statements of opinion</u> are not actionable as defamation.
- That <u>actual malice</u> must be proved (there must be evidence of intentional ill will).

The four criteria were not met:

1. Sheena 'published' what she was told and what she observed on her personal Facebook page (about which Judge Katz stated in his decision *'the matters on Monnin's Facebook page are not disseminated generally to the public'*). She drew the logical conclusion and stated her opinion as to what her experience meant. She limited this observation by stating *'That is all I know.'* She also stated that the system *'<u>in my opinion</u>, and from what I witnessed is dishonest'*. When the MUO and Trump advanced the story with their media appearances, Sheena made a single public appearance. Here, she recounted what she had been told by Miss Florida and stated that <u>in her opinion</u> 'what Miss Florida said is true' and that 'there was too much evidence pointing to this being fraudulent'. <u>Opinions are not actionable as defamation.</u>

2. Stating what a person believes to be true is stating an opinion and does not make that person to be 'at fault'. This is doubly true when the assertions are believed to be factual, have been confirmed by others, and are handled responsibly.
3. Because Miss Florida denies saying what Sheena and others claim she said does not mean that Sheena is guilty of a 'falsity' as Judge Katz concluded. Other contestants heard the same information from Miss Florida. Secondly, Judge Katz ignored the published statement from Sheena's Facebook page which he had already referenced when he stated that Sheena had texted her State Director, Randy Sanders, stating that she thought the competition was rigged <u>before</u> Miss Florida had told her the top five finalists in order. The referenced Facebook posting clearly stated that *'After the top 16 were called and we were standing backstage'* that Miss Florida told her and another contestant about seeing the list. Sheena and at least one other contestant were told about the list by Miss Florida <u>before</u> she texted Randy Sanders, and this knowledge was the basis of the text's content. Thirdly, what the firm of Ernst and Young does or does not do during a pageant does not obviate two facts: a) it is a near statistical impossibility for anyone to guess five contestants in order of selection out of a total of fifty-one contestants, and b) The MUO, Trump, and others <u>have the right</u> to make whatever selections whenever they want during a pageant per Section 3 of the Miss USA Contract (listed and referenced above). This paragraph of the contract was never referenced in the proceedings. <u>MUO's own contract contains evidence that what Sheena stated was very plausible and that she was telling the truth.</u>
4. As to causing harm, it is questionable whether the MUO would have suffered anything if Paula Shugart had not, along with Donald Trump, Michael Cohen, and Randy Sanders, blown the entire story up with their persistent media appearances.
5. Judge Katz's basis of proving that Sheena's statements were made with malice is flawed. The facts presented above alone prove this to be true. She did not demonstrate 'reckless disregard' for any of the facts. In his own words, Judge Katz stated *'There is no evidence here that Monnin has undertaken a course of conduct deliberately carried out to further an unlawful purpose or to destroy the Miss USA Pageant.'* Sheena stated what she heard and saw, and this was substantiated by others. Nothing was done with malice. Sheena clearly stated this on the *Today Show*: *'I am not here to destroy anyone. I am not here to bad talk about anybody. My heart and my attitude is I want the truth to be made known.'*