UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MISS UNIVERSE L.P., LLLP,                          :

                             Petitioner, :

             -v-                 :          12 Civ. 9174 (JPO)

SHEENA MONNIN,                                     :          ORDER

                       Respondent. :

-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

     Petitioner filed a Petition to Confirm an Arbitration Award on December 17, 2012, and

Respondent Sheena Monnin was served with this Petition on December 20, 2012. Pursuant to

the return date specified on the Petition, Ms. Monnin was to respond to the moving papers within

fourteen days of service, or by January 3, 2013. On January 8, 2013, a Clerk's Certificate of

Default was entered as to Ms. Monnin. Additionally, on January 8, 2013, Respondent Ms.

Monnin contacted this Court by letter requesting a four-week extension to oppose the Petition to

Confirm the arbitration award. Petitioner opposed this extension by letter dated January 9, 2013.

     The Second Circuit has stated that a petition to confirm an arbitration award is "in

substance a motion." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

Where such a petition includes a return date, it requires a response on the part of the respondent.

*Id.* However, where the respondent fails to submit papers in opposition, a default judgment may

nevertheless remain "inappropriate." *See id.* at 109 ("We conclude that default judgments in

confirmation/vacatur proceedings are generally inappropriate. A motion to confirm or vacate an

award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration

1

award decision itself, that may resolve many of the merits or at least command judicial deference."). Thus, while a non-movant may not "simply ignore such a motion," and any "failure to contest issues not resolved by the record will weigh against it," here, "the lack of a response does not justify a default judgment." *Id; see also id.* at 110 ("In sum, we hold that the removed New York Petition was in substance a motion, that the presence of a return date required the Investors to respond and that generally a district court should treat an unanswered removed petition to confirm/vacate as an unopposed motion for summary judgment.").

However, the Court also notes that under the Federal Arbitration Act, 9 U.S.C. § 9, a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the Act]." 9 U.S.C. § 9. This standard is extremely deferential. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Gottdiener*, 462 F.3d at 110 (internal quotations omitted). Moreover, it is the party moving to vacate an arbitration award that has the burden of proof, and "the showing required to avoid confirmation is very high." *Id.* In fact, "a barely colorable justification for the outcome reached" in an arbitration is sufficient for confirmation. *Matter of Andros Compania Maritima, S.A. (Marc Rich & Co., A.G.)*, 579 F.2d 691, 704 (2d Cir. 1978). Thus, a petition to confirm an arbitration award may be denied only where a Court finds that the arbitrator engaged in "corruption, fraud, or undue means" in obtaining the award; where there existed "evident partiality or corruption in the arbitrator[]"; where the arbitrator engaged in specified misconduct; where the arbitrator "exceeded [his] powers;" or where the arbitrator evinced a "manifest disregard for the law." 9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

Given that Ms. Monnin is a *pro se* litigant, and given the brief time period that has elapsed since the specified return date, Ms. Monnin's request for an extension of time is GRANTED *nunc pro tunc*. The parties shall comply with the following briefing schedule:

(1) Respondent Ms. Monnin shall file any papers in opposition to the Petition on or before February 5, 2013;

(2) Petitioner's reply papers, if any, shall be filed on or before February 12, 2013.

Additionally, if Ms. Monnin chooses to continue to represent herself in this matter, she is directed to the *Pro Se* Office of this Court for further communications regarding the status of her case.

SO ORDERED.

Dated: New York, New York
      January 11, 2013

                              J. PAUL OETKEN
                       United States District Judge